UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD L. ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIKE KELLEY, Will County Sheriff, ) <br> DALE SANTERELLI, Warden, ) <br> Will County Adult Detention Facility, ) <br> and MICHELLE MOFFETT, Sergeant, ) <br> Will County Sheriff's Office, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 18-cv-07026 <br><br> Hon. Steven C. Seeger |

## MEMORANDUM OPINION AND ORDER

In October 2018, Plaintiff Harold Robinson was a pretrial detainee at the Will County Jail. He filed a complaint under section 1983 against Warden Santerelli, Sgt. Moffett, and the Will County Board of Elections, alleging that they "failed to register [him] to vote" in the then-upcoming 2018 election. *See* Dckt. No. 1, at 3.

With the help of appointed counsel, Robinson filed an amended complaint in August 2019 against those two individuals, plus Sheriff Kelley. But he dropped the Board of Elections. Once again, Robinson claimed that Defendants prevented him from registering to vote. The very first sentence made clear that registering to vote was the key to the case: "This is a civil rights action in which Plaintiff seeks damages under the Civil Rights Act, 42 U.S.C. § 1983, to redress the deprivation of his right to register to vote as a pretrial detainee at the Will County Adult Detention Facility." *See* Am. Cplt., at ¶ 1 (Dckt. No. 10). The second sentence underscored that Defendants "prevented Plaintiff from registering to vote and, accordingly, from voting." *Id.*

The balance of the complaint told the same story. "In the weeks prior to the November 2018 elections, and while Plaintiff was a pretrial detainee at the Will County Adult Detention Facility, Plaintiff requested assistance from Moffett to permit him to register to vote for the then upcoming elections." *Id.* at ¶ 9. Sgt. Moffett allegedly told him that the facility was "'not going to use the man power to register pre-trial detainee[s] because it's time consuming and a waste of taxpayer dollars.'" *Id.* at ¶ 11 (allegedly quoting Sgt. Moffett).

Robinson alleged that he exhausted his administrative remedies by filling out a form requesting assistance in "registering to vote." *Id.* at ¶ 12. But he received no response. *Id.* at ¶ 13. The Will County Adult Detention Facility allegedly has a policy of showing indifference to "request[s] to register to vote." *Id.* at ¶ 14.

Because of the lack of a response to his request to register, "Plaintiff did not register to vote and did not vote in the November 2018 elections." *Id.* at ¶ 15. He now claims that refusing his request to register to vote violated his constitutional rights. *Id.* at ¶ 18 ("Preventing Plaintiff from registering to vote and from voting due to the alleged deliberate indifference or reckless indifference on the part of the Defendants is a violation of 42 U.S.C. § 1983."); *id.* at ¶ 19 (alleging a "deprivation of Plaintiff's right under the United States Constitution to register to vote"); *id.* at ¶ 22 (alleging that Defendants had a "policy of denying pre-trial detainees the right to register to vote").

Robinson did not allege that the Defendants prevented him from *exercising* his right to vote as a registered voter. Instead, he alleged that they prevented him from registering to vote in the first place.

There is one big problem. Robinson was already a registered voter.

In their motion to dismiss, Defendants produced voter registration records from the Will County Clerk. The records indicate that Robinson was a registered voter as of November 8, *2016*, two years before he allegedly couldn't register in *2018*. *See* Dckt. No. 24-2, at 1 of 5 ("Registration Date 11/08/2016"). They submitted a certification from the Will County Clerk, showing that Robinson was "Registered" as of "11-08-2016." *See* Dckt. No. 24-2, at 2 of 5.

In fact, Robinson exercised his right to vote on November 8, 2016. *See* Dckt. No. 24-2, at 3 of 5. Defendants even submitted his Illinois Voter Registration Application dated March 8, 2016, as well as his change-of-address form dated September 14, 2016. *See* Dckt. No. 24-2, at 4–5 of 5. All of the records show that he was registered to vote in Will County.

So, Robinson registered to vote in 2016, two years before Defendants allegedly prevented him from registering to vote in 2018. Simply put, Defendants did not prevent him from registering to vote because he was already registered to vote.

In response, Robinson filed no response. In fact, after receiving the motion to dismiss, his appointed counsel withdrew because he determined that he could not file a response consistent with the Federal Rules. *See* Dckt. No. 32. This Court gave Robinson time to file a response on his own (Dckt. No. 31), but he did not exercise his right to respond.

The only question is the right procedural framework to consider the motion. That is, should the Court treat the motion as a motion to dismiss, or a motion for summary judgment? Defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), but then filed material outside the pleadings. *See* Dckt. No. 23. So the motion "must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d).

There is a narrow exception under Rule 12(d) for certain public records. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008); *General Elec. Capital Corp. v. Lease*

3

*Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) ("The courts, however, have crafted a narrow exception to this rule [under Rule 12(d)] to permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment."). Perhaps voting registration records would fit within that exception.

As a practical matter, it would make no difference. If this Court treated the motion as a motion to dismiss under Rule 12(b)(6), he might have an opportunity to amend the complaint. But amending the pleadings would be futile (absent an unusual chain of events, such as moving out of Will County and registering elsewhere, and then moving back to Will County, requiring re-registration). He alleged that he wasn't allowed to register to vote when he *was* registered to vote, so no amendment to the pleadings can fix the claim.

The Court treats the motion to dismiss as a motion for summary judgment under Rule 56. Robinson had ample opportunity to respond – over five months – but he elected not to respond at all. *See* Fed. R. Civ. P. 12(d) (requiring that parties receive a "reasonable opportunity to present all the material that is pertinent to the motion").

On May 4, 2020, this Court gave notice to Robinson that it was converting the motion to dismiss to a motion for summary judgment. *See* Dckt. No. 38. This Court also afforded him an opportunity to submit any materials in his favor. *Id.*; *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). This Court set a deadline of May 22, 2020, but Robinson filed nothing. In all likelihood, "nothing else could have been raised to alter the entry of summary judgment." *Fleischfresser v. Directors of Sch. Dist. 200*, 15 F.3d 680, 689 (7th Cir. 1994) (quoting *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280–81 (7th Cir. 1986)).

4

There is no genuine issue of material fact. Defendants did not prevent Robinson from becoming a registered voter because he was already a registered voter. This Court grants summary judgment to Defendants.

Date: May 27, 2020

Steven C. Seeger
United States District Judge